IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA PLAINTIFF

v. Case No. 6:22-cr-60003

BARRY W. PAXTON DEFENDANT

**ORDER**

Before the Court is a Report and Recommendation ("R&R") issued by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. ECF No. 59. Judge Ford recommended that Defendant's *pro se* Motion for Compassionate Release Under 18 U.S.C. § 3582(c) and the First Step Act (ECF No. 39), *pro se* Motion for Sentence Reduction Under 18 U.S.C. § 3582(c) (ECF No. 40), and Supplemental Motion for a Sentence Reduction Pursuant to Section 603 of the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 52) be denied. Defendant has filed timely objections to the recommended denial of such motions. ECF No. 61. Additionally, Judge Ford recommended that Defendant's Motion for Issuance of an Order Stating Defendant's Criminal History Point Reduction Pursuant to Amendment 821 of the United States Sentencing Guidelines (ECF No. 49) be denied as moot. Defendant has not objected to that recommendation. After reviewing the record *de novo*, the Court adopts Judge Ford's R&R as its own.

Defendant requests that the Court reduce his sentence pursuant to Section 603 of the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A)(i). ECF Nos. 39; 40; 52. Defendant asserts that his own medical conditions as well as the need to care for his disabled mother constitute "extraordinary and compelling reasons" to justify a sentence reduction under the statute.

To grant Defendant "compassionate release" or sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), he is required to make a showing that "(1) 'extraordinary and compelling reasons' justify the reduction; (2) the reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the sentencing factors under § 3553(a) support relief."[1] United States v. Fetters, 163 F.4th 513, 515 (8th Cir. 2026) (quoting United States v. Johnson, No. 24-2393, 2025 WL 1949738, at *1 (8th Cir. July 16, 2025)). Defendant must have also exhausted his administrative remedies with the Bureau of Prisons ("BOP") prior to requesting release directly with the Court.[2] Id. (citing 18 U.S.C. § 3582(c)(1)(A)). "The defendant bears the burden to establish that compassionate release is warranted." United States v. Rodriguez-Mendez, 168 F.4th 1123, 1125 (8th Cir. 2026).

Defendant asserts that his own medical conditions and need to care for his disabled mother are sufficient to establish the first requirement: a showing of "extraordinary and compelling

[1] Section 3582(c)(1)(A)(i) reads:

> (c) [] The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case--
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction; . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C § 3582(c)(1)(A)(i).

[2] The Government agrees with Defendant that he has exhausted his administrative remedies.

reasons" to justify a sentence reduction. Judge Ford found this argument to be unavailing.

Defendant's first objection presents an array of medical conditions, emphasizing that without specialized medical care, Defendant's kidney disease will progress. Requests for compassionate release based solely on an inmate's medical condition are viewed by courts as "an extraordinary and rare event," and they are granted only in cases of notably severe conditions. See White v. United States, 378 F.Supp.3d 784, 787 (W.D. Mo. 2019) (citing examples of terminal metastatic cancer and a severe and untreatable spinal degenerative disease that required the permanent use of a full-torso brace). On the other hand, "[c]hronic conditions that can be managed in prison are not a sufficient basis for compassionate release." See United States v. Johnson, No. 3:19-cr-05022, 2024 WL 4535622, at *3 (W.D. Mo. Oct. 21, 2024) (compassionate release denied where inmate's medical conditions included seizures, cardiac arrest, asthma, chronic back pain, deep vein thrombosis, and hyperlipidemia) (quoting United States v. Ayon-Nunez, No. 1:16-CR-00130-DAD, 2020 WL 704785, at *3 (E.D. Cal. Feb. 12, 2020)). While Defendant asserts medical conditions such as anxiety disorder, essential (primary) hypertension, gastro-esophageal reflux disease without esophagitis, major depressive disorder - recurrent, pain in specified joint, rotator cuff tear or rupture of his shoulder, sleep apnea, PTSD, presbyopia, chronic periodontitis, and injury of the lower back (ECF No. 58-2 at, 4, 13), the Court agrees with Judge Ford's findings that all are treatable and none are considered sufficiently serious to warrant compassionate relief or a reduced sentence under the statute.

Regarding Defendant's chronic kidney disease, clinical encounter notes from a medical report dated January 22, 2025 reflect that the risk of progression of Paxton's kidney disease is low, and only annual monitoring is recommended. ECF No. 58-2, at 2. Defendant's assertion that his

kidney disease will only progressively get worse is unsupported by the BOP medical records which show that his kidney disease has improved and is now in remission. ECF No. 58-2, at 4, 14, 112. The Court agrees with Judge Ford that Defendant is receiving adequate treatment for each of his medical conditions and that he is not presently at risk of serious deterioration in health, or death, from any of them. Therefore, Defendant's medical conditions do not establish an "extraordinary and compelling reason" warranting compassionate release or sentence reduction.

In Defendant's next objection, he maintains that his need to care for his mother warrants a reduced sentence. However, Defendant again fails to provide any evidence of his mother's current condition to support the conclusion that she is incapacitated and that he would be the only available caregiver. See, e.g., United States v. Ingram, No. 2:14-cr-40, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019) ("Many, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary."). Therefore, the court agrees with Judge Ford that Defendant's family circumstances do not warrant compassionate release or a reduced sentence.

Because Defendant cannot show an "extraordinary and compelling" reason to justify a sentence reduction, the Court finds that Defendant's motions for a reduction (ECF Nos. 39; 40; 52) cannot succeed. Therefore, the Court need not examine Defendant's ensuing arguments attempting to establish the subsequent requirements for a sentence reduction.

Furthermore, Defendant requests that the court issue an order stating the reduction to his criminal history points under Amendment 821 of the United States Sentencing Guidelines. ECF No. 49. Defendant's criminal history points have been reduced after a recalculation of status points included in his criminal history score pursuant to Amendment 821. Defendant asks the Court for an order that would provide proof of this to the Bureau of Prisons ("BOP").

Judge Ford reasoned that the Court has already acknowledged the retroactive effect of Amendment 821 on status points and has stated that Amendment 821 results in a criminal history score of 23 for Defendant. For this reason, Judge Ford recommended that Defendant's Motion pursuant to Amendment 821 (ECF No. 49) be denied as moot. Defendant has not objected to this recommendation, and the time to do so has passed. See 28 U.S.C. § 636(b)(1). The Court finds no clear error on the face of the record and that Judge Ford's reasoning is sound as to this recommendation.

Upon review, the Court agrees with Judge Ford's reasoning and adopts the R&R (ECF No. 59) in its entirety. Accordingly, Defendant's *pro se* Motion for Compassionate Release Under 18 U.S.C. § 3582(c) and the First Step Act (ECF No. 39), *pro se* Motion for Sentence Reduction Under 18 U.S.C. § 3582(c) (ECF No. 40), and Supplemental Motion for a Sentence Reduction Pursuant to Section 603 of the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 52) are hereby **DENIED**. Moreover, Defendant's Motion for Issuance of an Order Stating Defendant's Criminal History Point Reduction Pursuant to Amendment 821 of the United States Sentencing Guidelines (ECF No. 49) is hereby **DENIED as MOOT**.

**IT IS SO ORDERED**, this 13th day of October, 2026.

/s/ John Thomas Shepherd
John Thomas Shepherd
United States District Judge